IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33965-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMERON J. PETERSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Cameron Peterson appeals a jury verdict convicting him on only one of two charges arising from a tavern fight in Spokane. Since there is no showing of prejudicial error, we affirm.

## FACTS

Mr. Peterson was charged with both first and second degree assault arising from a tavern fight that spilled out into the street. Inside the tavern, Mr. Peterson struck Gregory Zielke Sr., in the head, knocking the man out. The senior Zielke had been engaged in an argument with Peterson's friend, Paul Cook. Peterson ran outside the tavern and was pursued by Gregory Zielke Jr.

Peterson was unable to get his car started, so he removed his .25 mm gun from the vehicle and fled on foot. The younger Zielke overtook Peterson and tackled him; a fight

ensued. Peterson ended the fight by shooting Zielke once in each of his forearms. The younger man then ran to safety, ending the fight.

The court instructed the jury on self-defense and defense of others, and also that the defendant had no duty to retreat. In closing argument, the prosecutor argued, without objection, that the jury should consider "what would you have done" and that the defendant had reasonable alternatives to self-defense. The jury acquitted Peterson of first degree assault involving the younger Zielke, but convicted him of second degree assault against the senior Zielke.

After receiving a standard range sentence of three months in jail, Mr. Peterson timely appealed to this court.

## ARGUMENT

The appeal presents two challenges to the conviction, and Mr. Peterson's statement of additional grounds (SAG) presents numerous other arguments. We consider first the challenge to the sufficiency of the evidence, and then a claim that the prosecutor engaged in misconduct in closing argument, before briefly addressing the pro se contentions.

*Sufficiency of the Evidence*

Mr. Peterson first contends that the jury had insufficient evidence of second degree assault in light of the evidence that he was defending Mr. Cook. Since the jury

2

was not required to believe that evidence, the remaining evidence amply supports its verdict.

Sufficiency of the evidence review is subject to very well settled standards. Appellate courts review such challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.* This court also must defer to the finder of fact in resolving conflicting evidence and credibility determinations. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

When a jury is instructed on self-defense or defense of others, the State is required to disprove the defense beyond a reasonable doubt. *State v. Acosta*, 101 Wn.2d 612, 615-616, 683 P.2d 1069 (1984). Agreeing that the State proved the other elements of second degree assault, Mr. Peterson's sole challenge concerns the evidence that he was acting in defense of Mr. Cook at the time he struck Mr. Zielke Sr. He argues that the State did not disprove his defense of others claim.

This argument fails because the jury was not required to believe his testimony. There was conflicting evidence concerning how the incident occurred. The State's evidence showed that Mr. Peterson without warning struck Mr. Zielke Sr. in the back of the head in a surprise attack. There was no imminent danger of assault. While the

3

defense certainly disagreed with that view of the case, the question here is whether there was evidence from which the jury could find that events unfolded as the State argued they did. Such was the case.

The evidence supported the jury's conclusion that Mr. Peterson was not acting in the defense of Mr. Cook when he struck the senior Zielke. Therefore, the evidence was sufficient to support that conviction.

*Prosecutor's Argument*

Mr. Peterson next contends that the prosecutor engaged in misconduct in her closing argument by misstating the law. While we agree that the prosecutor erred, there was no prejudice to the defense.

To prevail on a claim of prosecutorial misconduct, a defendant must establish that the prosecutor's conduct was both improper and resulted in prejudice in light of the context of the entire record and the circumstances at trial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). Prejudice exists only where there is a substantial likelihood the misconduct affected the jury's verdict. *Id.* at 442-443. When a defendant fails to object to an improper remark, he or she waives a claim of error unless the remark is "'so flagrant and ill intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury.'" *Id.* at 443 (quoting *State v. Russell*, 125 Wn.2d 24, 86, 882 P.2d 747 (1994)). Thus, a properly challenged statement will be reviewed for a "substantial likelihood" that it affected the verdict, while

4

unchallenged statements will be considered only if the error was too egregious for a timely objection to be worthwhile. This court reviews alleged improper comments in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury. *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997).

A prosecutor has wide latitude to argue reasonable inferences from the evidence. *Thorgerson*, 172 Wn.2d at 448. However, the prosecutor commits reversible misconduct when he urges the jury to consider evidence outside the record; appeals to passion and prejudice are typically based on matters outside the record. *State v. Pierce*, 169 Wn. App. 533, 553, 280 P.3d 1158 (2012). Furthermore, a prosecutor is not allowed to assert in argument his personal belief in the accused's guilt. *State v. Reed*, 102 Wn.2d 140, 145, 684 P.2d 699 (1984). It also is improper for the prosecutor to shift the burden of proof to the defendant or argue that the defendant failed to present evidence. *Thorgerson*, 172 Wn.2d at 453.

Appellant contends that the prosecutor's argument that the jury should equate a reasonable person with what they would do misstated the law and thereby lowered the prosecution's burden of proof. At least one earlier case recognizes that this argument is a misstatement of the law because it ignores the objective component of the reasonable person standard. *State v. Walker*, 164 Wn. App. 724, 734-736, 265 P.3d 191 (2011). We agree that the prosecutor's statements here were erroneous for the same reason.

5

We need not decide whether or not a timely objection could have cured the error, because we conclude that appellant has not established that he was prejudiced by the argument. The bulk of the prosecutor's comments in the closing arguments were directed to the first degree assault charge—the count on which the jury acquitted Mr. Peterson. She made only a few brief references to the second degree assault count, and none of those comments referred to the defense of others standard. From the prosecutor's perspective, the second degree assault simply involved an attack from behind without warning and did not present issues of defense of others. Similarly, none of her "what would you have done" statements referenced the second degree assault charge. Each of them challenged some action taken by Mr. Peterson related to his confrontation with the younger Zielke.

In the context of the prosecutor's closing argument, all of the challenged statements referenced the first degree assault charge on which the jury acquitted Mr. Peterson. We are convinced beyond a reasonable doubt that they did not affect the verdict on the second degree assault charge. The erroneous statements were not prejudicial on that charge.

*Statement of Additional Grounds*

Mr. Peterson filed a pro se SAG raising numerous claims that largely reargue the case from his point of view. None of the arguments have merit.

6

This court will consider only arguments that are not repetitive of briefing. RAP 10.10(a). We also will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors. RAP 10.10(c); *State v. Bluehorse*, 159 Wn. App. 410, 436, 248 P.3d 537 (2011). An appellate court is not required to search the record in support of claims made in the SAG. RAP 10.10(c). Complaints about attorney performance cannot be entertained if the attorney's conduct "can be characterized as legitimate trial strategy or tactics." *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). Finally, issues that involve facts or evidence not in the record are properly raised through a personal restraint petition, not a statement of additional grounds. *State v. Calvin*, 176 Wn. App. 1, 26, 316 P.3d 496 (2013).

Many of the arguments address either defense counsel's trial strategy or issues outside of the record that we cannot consider. The personal statement includes a list of nineteen statements of additional grounds for review. Numbers 1, 2, 4, 5, 6, 7, 8, 9, 12, 18, and 19 present evidence not in the record. Number 3 is a disagreement with his counsel's trial strategy. Numbers 10, 11, 14, 15, 16, and 17 are not statements of additional grounds for review; most address the shooting incident of which he was acquitted. Finally, Number 13 is an accusation of prosecutorial misconduct that cannot be located in the report of proceedings. These statements are all without merit.

No. 33965-3-III
*State v. Peterson*

Finally, Mr. Peterson's counsel requests that this court excuse him from repaying the State for the costs of this appeal. While the author of this opinion would deny the request, a majority of the court has voted to grant the request.

The conviction is affirmed. Appellate costs are waived.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

8